**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**THE RAE GROUP, INC.,**
a Michigan corporation,

        Plaintiff(s),        CASE NUMBER: 08-10364
                                       HONORABLE VICTORIA A. ROBERTS
v.

**AIESEC INTERNATIONAL,**
a business of the Netherlands,

        Defendant(s).
_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

**I.    INTRODUCTION**

This matter is before the Court on Defendant AIESEC International's ("AIESEC") "Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(5)." (Doc. #4). AIESEC asks the Court to dismiss Plaintiff The Rae Group, Inc.'s ("Rae Group") Complaint for insufficient service of process.

AIESEC'S motion is **DENIED**.

**II.    BACKGROUND**

The Rae Group is a Michigan consulting firm. AIESEC is a non-profit foundation located in the Netherlands.

The Rae Group and AIESEC executed a consulting agreement in 1999. A dispute arose over the Rae Group's "proprietary business information." In 2007, the Rae Group and AIESEC settled the dispute. As part of the settlement, the parties

1

entered into a new consulting agreement.

On January 24, 2008, the Rae Group filed a Complaint against AIESEC for breach of the 1999 and 2007 consulting agreements.

In May 2008, the Rae Group sent AIESEC the Summons and Complaint by registered international mail. AIESEC received the Summons and Complaint on May 21, 2008 at its general office in the Netherlands.

## II. APPLICABLE LAW AND ANALYSIS

Fed. R. Civ. P. 4(h)(2) says "Unless federal law provides otherwise or the defendant's waiver has been filed, a . . . foreign corporation . . . must be served[] . . . in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)."

Fed. R. Civ. P. 4(f)(1) allows service of process "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents."

The Hague Convention on the Service Abroad of Judicial & Extrajudicial Documents ("Hague Convention") clearly authorizes three ways to effectuate service of process on an international defendant: (1) Articles 2 through 6 provide for service through a central authority; (2) Article 8 allows service through diplomatic channels; and (3) Article 11 allows contracting states to agree that service may be made through another channel of transmission.

The question is whether Article 10(a) also pertains to and authorizes service of process on an international defendant by mail, and whether that service comports with

2

Fed. R. Civ. P. 4(f)(2)(C)(ii): an individual may be served "using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt."

Article 10 of the Hague Convention says:

Provided the State of destination does not object, the present Convention shall not interfere with –

(a)  the freedom to send judicial documents, by postal channels, directly to persons abroad,

(b)  the freedom of judicial officers, officials or other competent persons of the State of origin to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination,

(c)  the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination.

There is a split in authority on this question; the Sixth Circuit has not addressed it.

The first line of authority includes courts that hold Article 10(a) does not allow service on an international defendant by mail; it only allows persons to mail judicial documents once a defendant has been served in a manner authorized by a different article of the Hague Convention. *See e.g., Nuovo Pignone v. Storman Asia M/V*, 310 F.3d 374 (5th Cir. 2002); *Bankston v. Toyota Motor Corp.*, 889 F.2d 172 (8th Cir. 1989); *Wilson v. Honda Motor Co.*, 776 F.Supp. 339 (E.D. Tenn. 1991); *Uppendahl v. Am. Honda Motor Co., Inc.*, 291 F.Supp.2d 531 (W.D. Ky. 2003).

To reach that conclusion, the courts relied on canons of statutory construction. For example, because the drafters used the word "service" throughout the Hague Convention – including in Articles 10(b) and 10(c) – but used the word "send" in Article

3

10(a), courts conclude the drafters intentionally excluded mail as a proper method of service. *See Nuovo Pignone*, 310 F.3d at 384; *Bankston*, 889 F.2d at 174; *Wilson*, 776 F.Supp. at 341-42; *Uppendahl*, 291 F.Supp.2d at 533-34.

The *Nuovo Pignone* court also noted that other articles of the Hague Convention describe more reliable methods to effectuate service, such as through a central authority or diplomatic channels. *See Nuovo Pignone*, 310 F.3d at 384-85.

The second line of authority is courts that hold the word "send" in Article 10(a) was meant to include "service." *See e.g., Ackermann v. Levine*, 788 F.2d 830, 839 (2nd Cir. 1986); *Brockmeyer v. May*, 383 F.3d 798, 802 (9th Cir. 2004) (citing 1 Moore's Federal Practice § 4.52[2][d] ("stating that 'it comports with the broad purpose of the Hague Convention' to construe 'send' to mean 'serve'"); *Sibley v. Alcan, Inc.*, 400 F.Supp.2d 1051, 1053 (N.D. Ohio 2005).

To determine whether service on an international defendant by mail is authorized under Article 10(a), the Court's analysis begins with the text of that article and the context in which the words are used. *See Schlunk*, 486 U.S. at 699 (citations omitted).

When language is included in one section of a statute, but omitted from another section, it is presumed the drafters acted intentionally and purposely in their inclusion or exclusion. *See Russello v. United States*, 464 U.S. 16, 23 (1983). Because "service" is used throughout the Hague Convention while "send" is used in Article 10(a), the text alone might persuade the Court that the drafters only wanted judicial documents to be sent by mail after the defendant was served with the Summons and Complaint in an authorized manner.

However, the drafters of the Hague Convention placed Article 10(a) under the

4

"Service Abroad of Judicial & Extrajudicial Documents" heading. The preamble, which precedes Article 10(a), says the Hague Convention was enacted to ensure judicial and extrajudicial documents are *served* abroad so the defendant has notice. And, Article 1 of the Hague Convention says, "The present Convention shall apply in . . . civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for *service* abroad." (Emphasis added).

Treaties are to be construed liberally. *Choctaw Nation of Indians v. United States*, 318 U.S. 423, 431 (1943). The Court, therefore, goes beyond the text to review the Hague Convention's history and negotiations as well as the practical construction adopted by the parties. *See id.* at 431-32 (1943) (citations omitted). In doing so, the Court cannot re-write the Hague Convention or expand it beyond its terms. *See id.* at 432.

Commentary on the history of negotiations leading to the Hague Convention, including the official Rapporteur's report, indicates the first paragraph of Article 10 was intended to permit service by mail. *Brockmeyer*, 383 F.3d at 802-03 (citing 1 Bruno A. Ristau, *International Judicial Assistance* § 4-3-5, at 204-205 (2000)).

To interpret Article 10(a) to prohibit service by mail would "contradict what seems to have been the implicit understanding of the delegates at the 1977 Special Commission meeting, and indeed of the legal literature on the Convention and its predecessor treaties." *Brockmeyer*, 383 F.3d at 803 (quoting Hague Conference on Private International Law, *Practical Handbook on the Operation of the Hague Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters* 44 (2nd ed. 1992)).

5

In addition, the United States delegate to the Hague Convention reported to Congress that Article 10(a) permitted service by mail. *Brockmeyer*, 383 F.3d at 803 (citing S. Exec. R. No. 6 at 13 (1967) (statement by Philip W. Amram)).

The United States government disapproved of *Bankston* in a letter dated March 13, 1990 from Alan J. Kreczko, the Deputy Legal Advisor of the State Department: "[the] Court of Appeals in *Bankston* is incorrect to the extent that it suggests that the Hague Convention does not permit as a method of service of process the sending of a copy of a Summons and Complaint by registered mail to a defendant in a foreign country." *Sibley*, 400 F.Supp.2d at 1054 n.6 (citing 30 I.L.M. 261 (1991)).

"While courts interpret treaties for themselves, the meaning given them by the departments of government particularly charged with their negotiation and enforcement is given great weight." *Kolovrat v. Oregon*, 366 U.S. 187, 194 (1961).

Based on the history of the Hague Convention and the interpretation of Article 10(a) by persons responsible for its enforcement, the Court concludes that Article 10(a) allows service of process on an international defendant by registered international mail.

This holding does not re-write the Hague Convention or expand it beyond its terms. As evidenced by the amount of authority in support of this holding, it is practical to construct Article 10(a) to mean international defendants can be served by mail.

## III. CONCLUSION

AIESEC's motion is **DENIED**. The Rae Group properly served AIESEC by sending a copy of the Summons and Complaint by registered international mail to its

general office in the Netherlands.

**IT IS ORDERED**.

                                                                                s/Victoria A. Roberts
                                                                                 Victoria A. Roberts
                                                                                 United States District Judge

Dated: October 20, 2008

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on October 20, 2008.

s/Linda Vertriest
Deputy Clerk

---